## UNITED DAIRY FARMERS COOPERA-TIVE ASSOCIATION et al.

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent,

### United Dairy Farmers Cooperative Association, Petitioner.

### No. 72–1065.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 28, 1972.

Decided Oct. 11, 1972.

Paul A. Simmons, Hormell, Tempest, Simmons, Bigi & Melenyzer, Mononga-hela, Pa., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., (Peter G. Nash, Gen. Counsel, Allison W. Brown, Jr., William L. Corbett, Attys., N. L. R. B., on the brief), for respondent.

Before STALEY, VAN DUSEN and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this case United Dairy Farmers Cooperative Association petitions us to review the National Labor Relations Board's order of January 17, 1972. The Board cross-applies for enforcement of that order.

In its order, the Board affirmed the findings of its trial examiner that the Association had violated sections 8(a) (1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1). 158(a)(3) (1970), by certain statements made to various employees and by actions, including discharge, taken with regard to one employee in particular. The Board therefore required the Association to cease and desist from its illegal practices, to post copies of a notice at places where they would be seen by employees, and to reinstate the discharged employee with back pay. We have carefully reviewed the record, and we find that substantial evidence on the whole record supports the Board's findings.[1]

The January 17, 1972, order of the National Labor Relations Board will be enforced.

## UNITED STATES of America, Plaintiff-Appellee,

v.

### Ricardo SMITH, Defendant-Appellant.

### No. 72–1807
### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1972.

Before BELL, AINSWORTH and CLARK, Circuit Judges.

### PER CURIAM:

Affirmed. See Local Rule 21.[1,2]

---

1. We find that the Association's unsupported charge of improper conduct of the trial examiner, dealing with the presence of a relative of his at the hearing, is adequately answered by the trial examiner's affidavit filed with our Clerk.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

2. Appellant alleged four points of error in the trial proceeding: (1) denial of a motion to sever the trial of the two counts under which he was indicted; (2) denial of a motion to sever appellant's trial from that of his codefendant; (3) admission of testimony involving other offenses; and (4) harassment of defendant's witnesses by the trial judge.